IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DONALD RICHARD KARR, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>CAROL HARMS, NICK DOE ONE, STORE LOCAL STORAGE CO-OP, and DOES 1-500.<br><br>Defendants. | CV-25-01-BLG-SPW-TJC<br><br>**ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Donald Richard Karr, Jr. ("Plaintiff"), appearing pro se, filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 4) and a proposed Amended Complaint (Doc. 3). Plaintiff seeks over $8 billion in damages from Defendants arising from a dispute concerning the rental of a storage unit in Coeur d'Alene, Idaho.

The motion to proceed in forma pauperis will be granted, but the Complaint should be dismissed.

**I.  MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff has requested to proceed in forma pauperis. (Doc. 1.) Plaintiff adequately shows that he is unable to pay the $402.00 filing fee. His motion will be granted, and the filing fee will be waived.

1

## II. SCREENING

When a litigant proceeds in forma pauperis, the Court must dismiss the case if it is determined that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) and is malicious if it is "filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege "the grounds of his entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alteration omitted). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

Because Plaintiff is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); see also, *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). But even construed liberally, venue is not proper in this District.

/ / /

A court may raise, sua sponte, the issue of defective venue and dismiss or transfer an action before a responsive pleading is filed. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). A federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The plaintiff bears the burden of showing that venue is proper in the chosen district. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Although Plaintiff's Complaint is not entirely clear, it appears Plaintiff rented a storage unit at Store Local Storage Co-Op ("Store Local") in Coeur d'Alene, Idaho. Plaintiff alleges that Store Local and its managers have engaged in a practice of charging renters illegal fees and harassing people who rent storage

3

space from them.  Plaintiff specifically alleges that on or about December 2, 2024, he paid the rent on his storage unit in full, in the amount of $229.  Plaintiff states that Defendants then illegally charged him $462.32 on December 5, 2024 and $505.32 on December 16, 2024.  Plaintiff alleges that Defendants refuse to allow him to move to Montana until he pays the fees.  Plaintiff also claims Defendants have refused to give him access to medications that are located in his storage unit, and Defendant Carol Harms was "happy . . . that she could kill Plaintiff without his medications."  (Doc. 3 at 5.)  Plaintiff asserts several claims against Defendants, including Racketeer Influenced and Corrupt Organizations (RICO) violations, identity theft, fraud, tortious breach of contract, robbery and extortion, libel and slander, harassment, elder abuse, and defamation.

There is no allegation that any event giving rise to Plaintiff's claims occurred in Montana or that Plaintiff has named a Defendant who resides in Montana or would be subject to personal jurisdiction in Montana with respect to this action.  Plaintiff names as Defendants Carol Harms and Nick Doe, managers at Store Local in Coeur d'Alene, Idaho, and Store Local Storage Co-Op which is located in Coeur d'Alene, Idaho.  None of the Defendants are alleged to reside in Montana or have any connection to Montana.  Moreover, none of the acts of which Plaintiff complains occurred in Montana.  Plaintiff's claims relate entirely to a dispute with a storage business located in Idaho.  It appears the only connection

this suit has to Montana is Plaintiff's desire to move here.[1] As such, Plaintiff has stated no basis for venue in this District.

Because venue is improper, the Court has discretion to dismiss or transfer the case. 18 U.S.C. § 1406(a). The Court finds dismissal would not cause any unnecessary delay or prejudice to Plaintiff. Plaintiff may still attempt to refile this matter in the proper federal court, if he wishes. The Court, therefore, finds dismissal, rather than transfer, is appropriate. *See e.g. Davis v. ADA County Courthouse*, 2024 WL 3496595, *1 (D. Mont. July 22, 2024) (dismissing, rather than transferring, pro se complaint that was filed in improper venue).

### III.  CONCLUSION

Based upon the foregoing, the Court issues the following:

### ORDER

1.    The Motion to Proceed in Forma Pauperis (Doc. 4) is **GRANTED**. The clerk shall waive payment of the filing fee.

2.    The Clerk shall edit the text of the docket entry for the Amended Complaint (Doc. 3) to remove the word "LODGED."

/ / /

/ / /

---

[1] In the Complaint, Plaintiff claims Defendants are "refusing to allow Plaintiff to [move] to Montana." (Doc. 3 at 4.)

Further the Court issues the following:

## RECOMMENDATION

This matter should be dismissed based on improper venue.

## NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Plaintiff may file objections to these Findings and Recommendations within fourteen (14) days after service.  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of March, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge